## GLADYS JOHNSON v. THE STATE.

No. 17072.   Delivered January 23, 1935.
Reported in 78 S. W. (2d) 979.

The opinion states the case.

*Storey, Storey & Donaghey,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

John Gilbraith, the injured party, was engaged in hauling cotton from Paducah to Houston. He used two trucks, one of which was driven by Everett Flowers, the accomplice witness. It was Gilbraith's custom to sell the cotton in Houston for cash

and return to Paducah with the money for delivery to his father, who was the owner of the cotton. Appellant made several trips to Houston with Gilbraith and Flowers, it appearing that she and Flowers were sweethearts.

Gilbraith testified, in substance, as follows: Accompanied by appellant and Flowers, he had gone to Houston with 26 bales of cotton, which he had sold for $1375 in cash. The money consisted of a thousand dollar bill, three one-hundred dollar bills, and fifty dollars. With this money in his possession, he, Flowers and appellant left Houston and traveled to Wichita Falls. Flowers and appellant rode on one truck and the witness drove the other. When they reached Wichita Falls they stopped at the Weseman filling station for the purpose of getting gasoline, and Flowers purchased some light bulbs for his truck. Appellant left Flowers' truck at the filling station and got in the witness' truck. He and appellant then drove away ahead of Flowers and did not see him again until they stopped at Iowa Park, at which place appellant got back on the truck with Flowers. The witness then proceeded ahead of Flowers. He stopped his truck at Electra for the purpose of sleeping a while, but in the meantime Flowers overtook him and suggested that they travel on to Vernon. At this time appellant was still in the truck with Flowers. From Electra the witness drove ahead of Flowers, but Flowers overtook him at the underpass at Oklaunion and gave him a signal to stop. Flowers stated to the witness that he would take appellant on home and wait for the witness in Vernon at Kitty's Cafe. Flowers then pulled out ahead and drove off pretty fast, appellant riding with him on his truck. It was night. After Flowers and appellant had driven approximately one-quarter of a mile up the road, Heber Johnson, appellant's brother, broke the glass out of the back of witness' cab, and, pointing a pistol at him, commanded him to stop, and deliver his money to him. The witness resisted and Johnson hit him with the pistol and took possession of the money. He then ordered the witness to drive on. The witness had seen Flowers and Heber Johnson together at Grapevine several days before the robbery. After being robbed, the witness drove to Vernon and met Flowers at Kitty's Cafe. The witness was bloody from the effects of the wounds he had received. However, he and Flowers did not call the officers. After reaching home he told his father he had been robbed. He did not know at what point Johnson got on his truck, or where he came from.

The accomplice witness, Everett Flowers, testified to the

fact that he, Gilbraith and appellant had made several trips to Houston together, and further, that he and appellant planned to aid appellant's brother, Heber Johnson, in robbing Gilbraith. According to his version of the transaction, appellant sent a telegram from Houston to Heber Johnson at Vernon, Texas, and signed his (the witness') name to it. When they reached Wichita Falls, Heber Johnson came out of a tourist cottage near the Weseman filling station, and rode with the witness to Iowa Park. Appellant was riding with John Gilbraith. Later appellant got on the witness' truck and Heber Johnson rode on the back. At Oklaunion the witness stopped Gilbraith, and Heber Johnson stepped off of the witness' truck on to that of Gilbraith. The witness drove out ahead with appellant, telling Gilbraith that he would meet him in Vernon at Kitty's Cafe. He left appellant at her home in Vernon. Appellant told him later that she had gone back to Oklaunion and gotten her brother, Heber Johnson. Neither he nor appellant were present when the robbery was committed, but had driven on up the road toward Vernon.

There was proof to the effect that Flowers and some boy were together at a filling station in Wichita Falls on the night of the robbery. The witnesses testifying to this fact were unable to identify the boy. Appellant was not present at the time. The State introduced in evidence a telegram dated December 17, 1933, which was one day before the robbery, and which was sent from Houston, Texas, to Heber Johnson at Vernon, Texas. It was signed "Everett Flowers." No mention was made therein of appellant's name. We quote the telegram: "We leave here Monday morning. Arrive Wichita Falls about nine thirty Monday night." Katie Bunch, a witness for the State, testified that some time during the first part of January, 1934, she saw Ruby James, a sister of appellant and Heber Johnson, with some currency; that she observed a bill with a one and two naughts on it; that Ruby James told the witness not to say anything about the matter, as John Gilbraith had been robbed of a thousand dollar bill. Appellant was not present during this conversation. Mrs. Everett Flowers testified that on a trip to Houston several days before the robbery she had seen Heber Johnson, Gilbraith and Everett Flowers together at a tourist camp in Grapevine, and further that Heber Johnson was carrying a pistol. Appellant was not present at the time.

The testimony of the nonaccomplice witnesses not set forth

herein throws no light on appellant's connection with the robbery.

Appellant admitted that she was with Gilbraith and Flowers when they traveled from Houston to Vernon. She denied that she saw Heber Johnson at any time during the trip. She was not present when Gilbreath was robbed but had driven up the road with Flowers in his truck. She denied that she had entered into any conspiracy with Flowers and Heber Johnson to commit the robbery.

We are unable to reach the conclusion that the testimony of the nonaccomplice witnesses tends to connect the appellant with the commission of the offense. Article 718, C. C. P., reads as follows: "A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

As we view the testimony, no witness except the accomplice testified to any fact tending to connect appellant with the commission of the offense. Under the statute and the decisions construing it, we are constrained to hold that the evidence is insufficient to support the conviction. See Dewees et al. v. State, 47 S. W. (2d) 277.

It might be added that we are of the opinion that the proof fails to show that appellant was a principal offender. She was not present when the robbery was committed. It is true that the accomplice witness Flowers testified that appellant told him that she went back to Oklaunion and brought Heber Johnson home. However, there is no testimony in the record corroborating Flowers' statement.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.